UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *ex rel.* CAMILLE STACKHOUSE, <br><br> Plaintiff, <br><br> v. <br><br> WEST COAST WOUND & SKIN CARE, INC. <br><br> Defendant. | CASE NO.  1:24-cv-01445-JLT-EPG <br><br> ORDER RE: JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT NEGOTIATIONS <br><br> (ECF No. 21) |

On June 8, 2026, the parties filed a "Joint Motion to Stay Proceedings Pending Settlement Negotiations." (ECF No. 21). The joint motion provides:

Defendant, West Coast Wound & Skin Care, Inc. ("Defendant") and Plaintiff, United States of America, ex rel. Camille Stackhouse ("Plaintiff") (collectively, with Defendant, the "Parties"), by and through their respective counsel of record, hereby jointly move this Court for an order to stay these proceedings for 60 days, until August 7, 2026. In support of this Joint Motion, the Parties state as follows:

1. The Complaint in this matter was filed, under seal, on November 26, 2024.

2. Service was effectuated on or around March 18, 2026, and Defendant waived service of a summons in this action on March 18, 2026.

3. Defendant's responsive pleading or motion is currently due on June 15, 2026.

4. A scheduling conference is currently scheduled for June 16, 2026, with a related Joint Scheduling Report due on June 9, 2026.

5. Counsel for Plaintiff and Defendant are currently engaged in settlement negotiations to resolve this matter.

6. Counsel for Plaintiff and Defendant have met and conferred and agreed in good faith to suspend these proceedings for 60 days, pending the outcome of their settlement negotiations. Accordingly, the Parties respectfully request that this Court stay the proceedings and all deadlines for a brief period of time to see if settlement negotiations prove successful.

7. "District courts have inherent authority to stay proceedings before them." *Excel Concrete Constr., Inc. v. United Rentals (N. Am.), Inc.,* No. 17-CV-1506 JLS (BLM), 2017 WL 4680127, at *1 (S.D. Cal. Oct. 18, 2017) (quoting *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003)). Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

8. "In deciding whether to stay proceedings pending resolution of another action or scheduled mediation, the Court must weigh various competing interests, including (1) the possible damage that may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *L.A. Terminals, Inc. v. City of Los Angeles*, No. CV186754MWFRAOX, 2019 WL 8064033, at *3 (C.D. Cal. June 18, 2019) (quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005)). Good cause supports a stay here.

9. First, no party would suffer any prejudice or damage from the entry of a stay for 60 days. Second, both parties would face unnecessary hardship if the case were to proceed during this period, given the significant costs and resources required to continue active litigation rather than focus on settlement. Third, even if settlement does not result in a complete resolution, it is likely to narrow or resolve certain issues, thereby streamlining the remainder of the case. These benefits can only be realized if the case is stayed.

10. The Parties agree that it would be mutually beneficial to stay all deadlines for 60 days, until August 7, 2026, and agree that good cause exists for the issuance of the requested stay. The Parties respectfully request an opportunity to provide the Court with a Status Report on or before August 7, 2026, advising the Court of the status of any settlement or ongoing negotiations.

(*Id.*)

In light of the parties' joint motion, and good cause appearing, this action is hereby STAYED for sixty (60) days and the STAY will be lifted on August 10, 2026.

Accordingly, the Court VACATES all deadlines and scheduled conferences, including in relation to the deadline for a response to the Complaint on June 15, 2026 and the scheduling conference scheduled for June 16, 2026, until further notice of the Court.

\\\

\\\

2

The parties SHALL FILE a joint status report on or before seven (7) days of the conclusion of this 60-day stay.

IT IS SO ORDERED.

Dated:   **June 9, 2026**                    /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE